**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**VERINT SYSTEMS, INC.,** *et al.***,**

       **Plaintiffs,**

  **vs.**                                 **Civil Action 2:13-cv-942**
                                         **Judge Watson**
                                         **Magistrate Judge King**

**CALLCOPY, INC.,**

       **Defendant.**

<u>**OPINION AND ORDER**</u>

     This is a patent infringement action under 35 U.S.C. § 271 instituted in the United States District Court for the District of Delaware.  The *Amended Complaint*, Doc. No. 21, alleges that eight (8) of defendant's computer software and/or hardware and/or systems or products infringe one or more of twelve (12) of plaintiffs' patents relating to electronic communications.  Defendant filed a motion to dismiss the *Amended Complaint* on August 12, 2013.  Doc. No. 23.  On August 29, 2014, plaintiffs filed a motion for leave to file a second amended complaint.  *Plaintiffs Verint Systems Inc. and Verint Americas Inc.'s Motion for Leave to File a Second Amended Complaint* ("*Plaintiffs' Motion to Amend*"), Doc. No. 27.  On September 23, 2013, the action was transferred to this Court from the District of Delaware. *Memorandum and Order*, Doc. No. 32. This matter is now before the Court for consideration of *Plaintiffs' Motion to Amend* and memorandum in support of *Plaintiffs' Motion to Amend* ("*Plaintiffs' Memorandum*"), Doc. No. 28.

1

Plaintiffs seek leave to file a second amended complaint "to include additional factual allegations to overcome any issues that might have been validly raised in the Motion to Dismiss filed by Defendant[.]" *Id*. at p. 4. Defendant opposes *Plaintiffs' Motion to Amend* on the basis that amendment would be futile. *Defendant CallCopy, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint*, Doc. No. 31.

*Plaintiff's Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987

2

F.2d 376, 382-83 (6th Cir. 1993)).

As noted *supra*, defendant opposes *Plaintiffs' Motion to Amend* on the basis that amendment would be futile. The Court has considered the parties' arguments concerning the viability of the proposed second amended complaint. However, having considering those arguments and, *inter alia*, the early stage of the litigation, the undersigned concludes that the proposed *Second Amended Complaint* is sufficient when measured by the standards of Rule 15(a) and that defendant's arguments are more appropriately addressed by the District Judge on dispositive motion.

Accordingly, *Plaintiffs' Motion to Amend*, Doc. No. 27, is **GRANTED**. The Clerk is **DIRECTED** to file plaintiffs' *Second Amended Complaint*, which is attached to *Plaintiffs' Memorandum* as Doc. No. 28-4. With the filing of plaintiffs' *Second Amended Complaint,* defendant's motion to dismiss the *Amended Complaint* is now moot. The Clerk is therefore **DIRECTED** to remove Doc. No. 23 from the Court's pending motions list.


April 10, 2014                             *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge